Chief Justice Simesoh
delivered the opinion, of the Court.
This was a writ of forcible entry and detainer sued out by Wheeler against Grughler. The trial in the country resulted in a verdict against the defendant in the writ, and he having traversed the finding of the jury, a trial was had in the Circuit Court in which the inquisition was sustained, and a judgment for restitution rendered. To reverse that judgment Grughler has prosecuted a writ of error.
The parties both claim the land under a certain Eh kanah Said. The deed under which Wheeler derives his title from Said, is older than the deed under which Grughler and those he holds under, claim the land in contest. The land in dispute is covered by both deeds, and is uninclosed woodland. The testimony is that Wheeler had a tenant residing upon his tract of land outside of the interference, for several years, but claiming the possession of the whole tract, and that Wheeler, although he did not reside upon the land, had it in his possession, after the expiration of the lease to his tenant. Grughler took possession of his land outside of the interference during the time that Wheeler’s land Was in the possession of his tenant, and in the fall of 1849, after the latter had obtained the possession of his own land, the former entered upon the land in controversy, claiming the right to do so, and cut and carried away a considerable number of staves. For that entry, the writ of forcible entry and detainer was sued out.
It is evident from these facts, that Wheeler had the possession of the land in contest. Having the elder le *184 gal title, his entry outside of the interference, made for the purpose of taking possession of the whole tract* vested in him the possession to the extent of his boundary, even if those claiming the other tract were in possession of it, outside of the interference. But it does not certainly appear that any person wás in possession of any part of the last named tract at the time Wheeler entered by his tenant, and acquired the possession of his land, and as that possession has been continued ever since, it is clear that he had the possession when Grughler entered and cut and carried away the staves, in the fall of the year 1849.
An entry upon land for the purpose of cutting and removing timber, is not such a forcible entry as will authorize the proceeding by suit of forcible entry and detainer It is only a Trespass, and there is no divestiture of possession.
It is only where an entry has the effect of divesting a previous possession, that the writ of forcible entry and de-tainer lies.
But the main question is, was the act complained of, such an entry as authorized Wheeler to sue out a writ of forcible entry and detainer? As Wheeler was in the actual possession, that possession was not divested by the act of Grughler in entering upon the land and cutting and taking away some of the timber. He did not remain upon the land, enclose any part of it, or construct an erection of any kind, or do any act that deprived Wheeler of his possession. The entry, although wrongful, was only a trespass. It was not such an entry as the statute regulating proceedings in cases of forcible entry or detainer contemplates. The object of the statute, is to prevent, the deprivation by force of an actual possession, and to provide a speedy remedy for the redress of the injury when it occurs. This is evident from the nature of the judgment it prescribes, which is, if the inquest be in favor of the plaintiff, that he have restitution of the premises.
Every unlawful entry upon the possession of another person, will not authorize, because it may not require for its redress, a resort to the remedy provided by the statute. It is only where an entry has the effect of divesting a previous possession, and a restitution becomes necessary for the redress of the injury, that a writ of forcible entry or detainer can be maintained. The testimony therefore did not authorize a verdict in this case, that the inquisition was true.
B. Monroe for plaintiff; Swope for defendant.
Wherefore the judgment is reversed and cause remanded fora new tria!, and further proceedings consistent with this opinion. As Wheeler was in possession of the land,, in contest, it will not be proper to order him to restore the possession to Grughler, although a writ of restitution may have issued upon the judgment-which is reversed, and been executed.